The next case is Vibe Micro and Mandel v. Shabanets and other appellees, and Mr. Lewis is here for the appellants. Ms. Purdy and Mr. Hopkins, Quartel, Jacobs, and Clark are here as well, present, but not present. Mr. Lewis, you may begin when you're ready. Thank you, Your Honor. May it please the Court. Torrence Lewis for Appellants Vibe Micro and Edward Mandel. The District Court's non-merits dismissal in this case, with prejudice, was error for four reasons. First, because no precedent in this circuit allows for dismissal with prejudice on Rule A grounds alone, after a single chance to replead, and without something more. Wait a minute. You didn't read our very well-written en banc opinion in Wagner v. Daewoo? Your Honor, I don't think that applies here. I think that— Why doesn't it apply? Well, I believe that those are all 12B6 dismissals, and so the ask-to-replead rule applies to 12B6 dismissals. Why would it be different with Rule A? Why should it be different with Rule A? The District Court here did, sua sponte, allow repleading after the First Amendment complaint? Right. I just think it's in conflict with some of the other authority in this circuit. For example, with Betty Kay and Weiland, this Court has held that, unless there's dismissal with prejudice is not the appropriate remedy, unless there's a clear pattern of delay or willful contempt, and that lesser sanctions would not suffice. That I think in all cases, if it's a Rule 8 dismissal, it should be asked to—ordered to replead, or some other source of authority. How many times? How many bites at the apple do you get before the Court can dismiss without abusing its discretion? Without—I think, theoretically, Your Honor, it once would be enough if there were additional findings, for example, of a pattern of delay or willful contempt, or that lesser sanctions would not suffice, maybe a very explicit warning, but again, in those cases, I would think that— What about when the Court pretty much gives you a roadmap on how to draft a complaint that would comply with Rule 8, and you still don't do it the second time around? Well, I think that, again, then I would go to the fact that meaningful modifications were made, and as long as meaningful modifications were made, dismissal with prejudice is inappropriate, and that's also in Weiland. Counsel, let me ask you a question. You keep on referring to this as a Rule 8 dismissal. Isn't it, in fact, it's a Rule 12b6 dismissal because you failed to comply with Rule 8? Why would it be any different that it's a failure to state a claim because you didn't comply with Rule 8, or you didn't allege the elements of the tort, or crime, or whatever the case may be? Why does it make any difference that the deficiency of the complaint is premised upon Rule 8? Well, I think, again, the Circuit has specific rules about shotgun pleadings, and so it's taken on sort of its own subspecies of disposition of cases at the pleading stage. And so I think there is a distinction here between, and a drawn distinction in terms of the cases, between a Rule 8 dismissal, or asked to replead, and a Rule 12b6 dismissal on the merits. Well, let me ask you this. In 2009, Rule 15 was amended, and I'm looking at the comments of the Rules Committee about that change, and it indicated that Rule 15a was changed in two ways. First, the right to amend as a matter of course terminates 21 days after the service of a motion under Rule 12b, e, or f. I recently described that as an opportunity for a pleader to recover from a whoops moment to, whoops, my opposing counsel told me there's some problems with it. And that, the Rules Committee said, will force the pleader to consider carefully and promptly the wisdom of amending to meet the arguments in the motion. That wasn't done here. It wasn't done here, and no request for leave to amend was made, and you're relying upon solely a routine prayer at the end of an opposition to a motion dealing with such other relief, and saying that was a request for amendment. Is that a colorable argument? Well, I believe that it follows in line with this circuit's authority. So, you know, if it's a Rule 8, and that's what the court is relying on, the cases say there's two options, order to replead or dismissal with prejudice if you find this clear pattern of delay or willful contempt, or that lesser sanctions would not suffice. And in this case... You're trying to impute into the sanctions law as opposed to whether a court at some point can say enough is enough. You've had multiple chances to plead this correctly, and you haven't got it done even though I gave you an instruction kit on how to correct it. And I would just say in this case, I think meaningful modifications were made. There was a single opportunity to replead based on the court's instructions. Again, we've conceded that the pleading still has Rule 8 problems, but we believe... Well, if it had Rule 8 problems, why was not an opportunity undertaken to correct it? Well, I'm saying that meaningful modifications were made in this case, Your Honor. Whether those... The judge decided those weren't sufficient, and we agreed, but there was still a good faith attempt to do it. And so, I would say that at least one more opportunity to replead is called for here. If you ask for it, but you didn't ask for it, which seems to me is critical based on our precedent. And again, I would say that I don't think this court has had occasion to delineate whether Wagner applies in a pure Rule 8 context versus a 12B6 context. The case law in Rule 8 says that if the amended pleading fails, then the court may dismiss under Rule 41 or in its inherent power. Neither of those bases are in the record. This is a pure Rule 8 pleading dismissal. And if that's the case, then we apply an abuse of discretion standard of review rather than denote, right? I think that's probably fair, Your Honor. That's a tougher burden for you to overcome. I did... You know, it is. But again, under the authority, I don't think there's precedent in this for what's gone on here, which is single opportunity to replead. Well, if there's no precedent, that would support their argument that the court didn't abuse its discretion. Well, no, I think there's no precedent, meaning there's precedent the other way, that you need at least one more opportunity to replead. And that's what we'd request here. In addition, I'd like to just say in all... How many opportunities would you get? Let's say... Let me just... I understand your argument to be there are dismissals on the merits and there are dismissals before we ever get to the merits. And your position is, in this case, it was a dismissal before anybody looked at the merits. And if you're talking about a dismissal that is before we get to the merits, they're governed by Betty Kay. And you can dismiss it only if you have a finding of willfulness and an inability to find a lesser sanction that would help. Right? Is that your position? That is the position. And I think there's more recent... I mean, at least cases, unpublished cases, including Baroni, which was decided in your panel in September. But assuming that that's your position, then how many times would a plaintiff be entitled to replead the case under that theory, provided that the court was not able to make a finding of willfulness? Well, I think there's two things I would say. The first is that as long as they're making meaningful modifications to the complaint in compliance or intending to comply with the court's order, standing alone, that would mean that you could continue to repeat. So there would be no limit ever? In theory. But of course, you could also then say, here's a specific warning. If this doesn't meet that expectation, you're getting dismissed with prejudice. You've got one final opportunity. But how could you do that consistent with Betty Kay, then, if your position is that the only way you could do it is if there is a finding of willfulness? And under that scenario, there wouldn't be. Well, in my mind, there would, because if the court posits that this would be a violation of this court's order for you not to file a compliant pleading, then I have authority, and that's what the case is saying, under Rule 41, or my inherent authority to pour you out. So to be clear, your position is that there would have to be a warning. And because there wasn't a warning here, that Betty Kay governs, and we should send it back for the district court to make findings as to whether or not Betty Kay applies. I mean, that's certainly one option. Again, I think that the Rule 11 order pretty much makes clear that that's not the case. And also that the fact that there were meaningful modifications to the complaint that are apparent in the record. I'd just like to say quickly, in all cases, the only instructions on the state claims were fully complied with in the second amended complaint. And there's simply no basis for those claims to have been dismissed with prejudice, both for reasons of comedy, and again, also because there's simply no inquiry into the merits of those. Thank you. All right. Thank you, counsel. We'll hear from Ms. Purdy. May it please the court. My name is Lauren Purdy on behalf of Snow and Wilmer. With me at counsel table is David Atkinson. I will be taking 13 minutes of the time that the appellees have ceded to me, and Mr. Hawkins will take the remaining two minutes of the time. This case illustrates why Rule 8 was enacted. Under the standard, the plaintiffs were required to provide a short and plain statement demonstrating an entitlement to relief. Let me ask you a question. Would you say that this was a dismissal on the merits or not on the merits? Your Honor, we would concede that it's actually both. Because Rule 8 both has a substantive component. You have to provide your allegations in more than a conclusory manner. And additionally, on shotgun pleadings grounds, they didn't comply with this court's longstanding precedent related to just providing a coherent statement that even allows the defendants the opportunity to fashion some sort of defense. If it were viewed as a dismissal without reaching the merits, can you reconcile Betty Kay with this? Yes, Your Honor. The Wagner case that Judge Wilson referenced earlier has been applied in the Rule 8 context both with respect to shotgun pleadings and with respect to other Rule 8 violations. In the Bailey v. Jansen Pharmaceuticals case, the district court in its first and only initial dismissal order held that the complaint was a shotgun pleading that required the appellants in that case to replead under the rule. They filed a subsequent pleading. The district court found it didn't comply. And on appeal, the 11th Circuit held first that under Wagner, any relief that it could plaintiff's failure to seek leave to amend before the district court. And it noted that before analyzing the Rule 8 issue. It then subsequently upheld the dismissal account to a negligence claim in that complaint on the basis that they had failed to meet the standard for revising the shotgun pleading issues. And the court made no finding of bad faith. The court didn't indicate that there was any willful or intentional failure to comply. The district court's first dismissal order didn't include a warning. It simply stated that in a subsequent pleading, the plaintiffs will be required to comply with Rule 8. And they didn't. And this court affirmed the dismissal on those bases. And this court can resolve this case based on two facts. First, and the fact that was reiterated by Mr. Lewis in his initial argument, they have conceded that the amendments were not sufficient under Rule 8. They conceded it just now in their oral argument. And they conceded it in their initial brief by failing to argue it complied with Rule 8. And by stating at page 7 of their reply brief that the district court was, quote, within its rights to demand a more tightly drawn complaint. That's fact one. The second fact is their failure to seek leave to amend under Rule 15 during the intervening six-month period from the time the briefings on the second amending complaint and the court's July 2016 dismissal order. And they failed to file a Rule 59 or 60 motion following the entry of the order attaching a third proposed amending complaint. They haven't provided Judge Middlebrooks with the opportunity in the first instance to decide for himself whether they can state a claim. And the assertion that this court has never held that a dismissal on Rule 8 grounds alone after one amendment is simply incorrect. As I said before, the Bailey case, this court affirmed the dismissal of a claim just on shotgun pleadings grounds. And the Nettles case on a broader Rule 8 grounds of a failure to state a claim, a de novo review, held that the complaint did not state a claim under Rule 8, and they had failed to seek leave to amend. And those facts by themselves require dismissal here. Let's say that you're right and that Wagner governs. What do you make of the second argument that the plaintiffs have brought, which is that the state claim should not have been dismissed with prejudice? Because I did not really see any, it didn't seem to me anyway, like there was a separate response to that in your briefs. Maybe I just misunderstood the brief. So if you want to address that, are you conceding that? And if you haven't, if you have argued it in your briefs, if you could maybe direct me to where that is. Your Honor, Snell and Wilmer specifically, the counts one and two are not directed to Snell and Wilmer, so there was no state court claim. But I will say this, they have conceded that the complaint was properly dismissed on Rule 8 grounds. Their only argument is that they should have been afforded a further opportunity to amend. They don't argue in their initial brief that the district court incorrectly found that it didn't comply with Rule 8. Nowhere in their initial brief, nowhere in their reply brief. They have conceded on appeal and again in the oral argument today that it doesn't comply with Rule 8 and therefore their failure to seek leave to amend combined with that concession means that that count should also be dismissed. What if I agree with you with regard to the RICO claims, but specifically as to the state claims, why shouldn't the court have dismissed those without prejudice to give them an opportunity to go to state court in order to litigate those claims when the Supreme Court has said that if federal claims are dismissed before trial, the state claims should be dismissed without prejudice. Didn't the Supreme Court say that in the Gibbs case? Yes, Your Honor. The Supreme Court did say that, but the factual context was different. Here, like in the Nettles case, the district court was presented with an entire complaint that pled both state and federal claims. The court found it didn't comply with Rule 8. They haven't challenged that the entire complaint in its entirety, state law claims and federal claims, do not comply with Rule 8. In the Nettles case, there were state and federal claims that were both pled. The district court dismissed those claims, and the 11th Circuit affirmed a full dismissal of both the state court and the federal claims with prejudice. RICO is a complicated statute. It's hard to frame a cause of action under RICO, and dismissal with prejudice, you would agree with me, is a pretty extreme sanction. Wouldn't lesser sanctions have applied? I mean, one more shot. No, Your Honor. These parties were represented at all times by experienced counsel. They filed three separate complaints. They filed an initial complaint. All of the parties filed motions to dismiss. They filed a First Amendment complaint. The defendants filed virtually identical motions to dismiss. The district court provided them with specific direction, both as to the Rule 8 issues and the substantive RICO issues, as to why their complaint was defective. They filed a Second Amendment complaint. The defendants filed motions to dismiss that were virtually identical, and they again failed to heed those directives. What seems to be missing is some indication from the district court that lesser sanctions would not suffice. Your Honor, the lesser sanction standard doesn't apply here. As this court recognized in the Bailey v. Jansen case, an affirmance on shotgun pleading grounds when a party has been notified of the defects in the claim is all that's required. The district court in that case never said, this is your only chance. Never said lesser sanctions won't suffice. Never said there was willful and intentional failure to comply with the rule. The court simply found, I have given you directives on how to resolve these issues, and you haven't done so. I would also add that there's cases where the Eleventh Circuit has affirmed a dismissal with prejudice of a complaint on the very first try in a pro se case. In the La Croix v. Western Kentucky case, which the district court cited in its second dismissal order, the Eleventh Circuit upheld dismissal of a first complaint with no opportunity to replead of a pro se complaint on the basis that the pro se plaintiff couldn't satisfy Rule 8. And here, again, plaintiffs represented by competent, experienced counsel were given multiple opportunities to satisfy the rule. And there is no requirement that the court find a willful failure to meet the court's order. And again, they concede before this court that the complaint doesn't comply with the rules. And they failed to seek leave to amend and provide Judge Middlebrooks in the first instance the opportunity to decide whether they can meet the standard of Rule 8. And Mr. Lewis's suggestion that there's theoretically an open-ended, infinite number of opportunities to plead is completely contrary to this court's, or the Federal Rule of Civil Procedure 1's requirement of a just, speedy, and inexpensive litigation process to allow unlimited repleading, particularly on shotgun pleadings-related issues. For this court, in many cases, Magluta, Byrne, and others has described in great detail the havoc that it wreaks on the litigation system of courts that are already overburdened. Just makes no sense. Furthermore, with respect to the RICO claims specifically, this court could also alternatively affirm on the basis that whatever the allegations are in the complaint, they don't state a claim for RICO under the statute. All that the plaintiffs have alleged here is an 11-month, at most, internal corporate dispute between a small number of shareholders over the struggle for control of a company. And this court has held in the Jackson v. Bell South case that a dispute lasting less than a year cannot meet the continuity requirement. Predicate acts amounting to less than a year cannot meet the continuity requirement. And as to open-ended continuity, this court has held in cases like Farrell v. Durbin that a business dispute has an inherent terminating point. And in that case, it was a struggle for control over a hotel chain. And this court held that that cannot meet the open-ended continuity requirement because the RICO statute is not for internal business disputes between a small number of individuals. It's related to ongoing criminal enterprises. And there are no allegations in the complaint anywhere, as far as can be discerned from the complaint, that a claim for RICO has been satisfied. Again, Your Honor, for the panel, the key points in this case are only two points. And that is that they have conceded the complaint does not satisfy Rule 8. Not come close. It doesn't satisfy it. The district court was within its rights to dismiss it. And their failure to seek leave to amend to provide Judge Middlebrooks in the first instance with an opportunity to review a proposed third amended complaint is dispositive. He couldn't have abused his discretion when they conceded that the complaint was subject to dismissal. And so for those reasons, we ask this court to affirm the entire judgment, both with respect to the RICO claims and the state law claims with prejudice. Thank you. Thank you, counsel. We'll hear from Mr. Hopkins. Your Honors, good morning. Christopher Hopkins. I'm here on behalf of five of the appellees entitled the Card Platform appellees. I can't add anything to the argument that you just heard. So unless the panel has questions for me, we'll just ask that you affirm the lower court's order and I'll sit down. I see no questions. Thank you, Mr. Hopkins. One of the best arguments that I've heard. Thank you, Your Honor. I'd just like to start with going back to the dismissal with prejudice of the state claims. Again, there's really, to me, it's sort of no question that those claims should have been dismissed without prejudice to re-pleading in state courts. The one case that Ms. Purdy cited, Nettles, and again, almost all the cases that she cited are unpublished and non-precedential, but Nettles in particular is totally distinguishable on its facts. In that case, the plaintiff had three opportunities to re-plead. Here, and I just want to be clear, again, counsel in their briefing and now at oral argument are saying that the First Amendment as of right counted in this calculus. It doesn't. That's clear in the Dupree case. Going back to Nettles, the plaintiffs failed to actually even respond to the motion to dismiss case. They submitted the identical document and the court made a finding of contumacious conduct. So it's just a totally different case and it doesn't support dismissal with prejudice of the state claims. Again, Appley's point to another unpublished opinion, Bailey, again, not published, not precedential. I'd also say that it's, reading that case, it's a 12B6 dismissal on the merits. Maybe it's ambiguous, but it's a slim read. Finally, we've not conceded that dismissal is appropriate, even without prejudice. We've simply said that there's rule eight problems here and that the law in this circuit is order to re-plead unless you make these additional findings. Those findings are not apparent on the record. They're actually against the weight of what's in the record, which is the judge's denial of Appley's motions for sanctions and also the fact that meaningful modifications were made. In all cases, I would ask the court to reverse the judgment and with instructions to give Five Micro and Mr. Mandel one more opportunity to re-plead with whatever threat of sanctions or penalty is deemed appropriate and the alternative to reverse and order that the state claims are dismissed without prejudice to re-pleading. All right. Thank you, Mr. Lewis.   Thank you. Thank you.